·[No. 3376.   April 11, 1929.]

STATE ex rel. CITY OF LAS VEGAS v. SANDOVAL, County Treasurer.

[277 Pac. 31.]

H. E. Blattman and M. E. Noble, both of East Las Vegas, for appellant.

Chester A. Hunker and Tom W. Neal, both of Las Vegas, for appellee.

### OPINION OF THE COURT

WATSON, J. The city of Las Vegas appeals from a judgment discharging an alternative writ of mandamus requiring the county treasurer of San Miguel county to pay to it some $1,500, or to show cause.

On August 11, 1925, the then county treasurer of San Miguel county mailed to the city treasurer two checks representing tax moneys of the city in the hands of the county treasurer. The checks were, by the city treasurer, presented on the next day to the People's Bank & Trust Company, upon which they were drawn. The county treasurer had sufficient funds on deposit, and the checks were accepted by the bank and entered in the city treasurer's passbook. For some reason unknown, the bank failed to make the entries on its books, crediting the city treasurer and debiting the county treasurer. On August 20 the bank closed its doors, and, three or four days later, the examiner then in charge returned the checks and the deposit slips to the city treasurer. He made demand upon the county treasurer for payment of the amount and it was refused. He has since made demand upon appellee, the present county treasurer, who has likewise refused. In the meantime the board of county commissioners of San Miguel county commenced suit, which resulted in a judgment directing the receiver of the bank to pay the amount of the treasurer's deposit as a preferred

claim. The claim thus presented, and allowed, contained no deduction on account of the two checks in question.

These facts are all admitted, but many of them were excluded by the court upon objection by one or other of the parties. These several rulings need not be reviewed. As the case stands here, the question is whether the court erred in denying the demanded relief upon these admitted facts.

We cannot doubt that the presentment of the checks for deposit by appellant's treasurer and the credit entered in the passbook by the bank completed a contract which established the relation of debtor and creditor. The checks were in legal effect paid and the original debt satisfied. These established relations could not be avoided by the act of the bank examiner in returning the checks and deposit slips a week or two later.

Appellant urges that, by the act of the county in asking for and obtaining judgment as for preferred claim, appellee is estopped from denying that it is his duty to pay to the city either the checks or the original obligation represented thereby. We will assume that such an estoppel might be invoked if the case were different, but we think not in this proceeding. The case is mandamus. Appellee is to be held only to his strict legal duty. The mere recovery of judgment would not seem to be sufficient to raise the duty to pay. When appellee has obtained satisfaction of the judgment, it will be soon enough to consider the relative rights of the parties in the sums recovered. We suspect that they will not differ concerning them.

We find no error. The judgment is affirmed, and the cause will be remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.